UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

Nos. 13-1240, 13-1285

Ismail Ozgur Yaman,
Petitioner-Appellant/Cross-Appellee,

v.

Linda Margherita Yaman, a/k/a Linda Margherita Polizzi,
Respondent-Appellee/Cross-Appellant

_____

**APPELLANT ISMAIL OZGUR YAMAN'S MOTION TO STAY THE MANDATE**
_____

On September 11, 2013, this Court affirmed the District Court's decision under the Hague Convention on the Civil Aspects of International Child Abduction (hereinafter, the "Hague Convention" or "Convention") not to return the parties' children to Dr. Yaman in Turkey. Pursuant to Rule 41 of the Federal Rules of Appellate Procedure, Dr. Yaman respectfully requests that the Court stay issuance of the mandate in this appeal (1) pending a decision by the United States Supreme Court in *Lozano v. Alvarez*, No. 12-820, and for fourteen days thereafter; or, in the alternative, (2) pending Dr. Yaman's filing of a petition for a writ of certiorari in the Supreme Court.

I.     **THIS COURT SHOULD STAY ISSUANCE OF THE MANDATE PENDING A DECISION BY THE SUPREME COURT IN *LOZANO V. ALVAREZ***

Pursuant to Rule 41(d)(1) of the Federal Rules of Appellate Procedure, the Court may stay the mandate when a motion seeking that relief is timely filed. Filing a motion to stay automatically stays the mandate until the court disposes of the motion. Fed. R. App. P. 41(d)(1). Here, Dr. Yaman seeks to stay the mandate in this appeal pending a decision by the Supreme Court in *Lozano v. Alvarez.*

### A. Both *Lozano* And This Appeal Address The Same Issue: Whether Equitable Tolling May Apply To The One-Year Period In Article 12 Of The Convention

Staying the mandate is appropriate because both this appeal and *Lozano* hinge on the same legal issue, *i.e.,* whether a court may equitably toll the one-year period in Article 12 of the Convention where the abducting parent has concealed the whereabouts of the children. *Compare Lozano v. Alvarez*, No. 12-820, Pet. for Cert. at ii ("Whether a district court considering a petition under the Hague Convention for the return of an abducted child may equitably toll the running of the one-year filing period when the abducting parent has concealed the whereabouts of the child from the left-behind parent"), *with* Appellant's Br. at 3 ("Whether the one-year period in Article 12 should be equitably tolled while the abducting parent actively conceals the whereabouts of the children, such that the settledness defense never should have been available"); *see also* Decision at 4 (restating the questions presented by Dr. Yaman's appeal). Indeed, this Court itself acknowledged that *Lozano* will address the same legal issue raised by Dr. Yaman in his appeal. Decision at 4 ("The Supreme Court has granted certiorari [in *Lozano*] as to this first question [presented by Dr. Yaman]."). Indeed, the question of equitable tolling is the *only* question before the Supreme Court in *Lozano*, making it all the more likely that the Supreme Court's decision would directly impact the merits of the instant case. Staying the issuance of the mandate here would preserve the parties' ability to ask this Court to re-visit its decision based on the Supreme Court's guidance. *Cf. United States v. Singh*, 390 F.3d 168, 194 n.3 (2d Cir. 2004) (staying the mandate pending the Supreme Court's decisions in two related cases and allowing fourteen days following Supreme Court's decision for filing of petitions for rehearing); *Al Shimari v. CACI Int'l, Inc.*, 679 F.3d 205, 212 n.4 (4th Cir. 2012) (holding opinion in abeyance pending outcome of related Supreme Court decision).

**B.     Staying Issuance Of The Mandate Would Not Harm Ms. Yaman Or The Children, Who Would Continue To Reside In New Hampshire During The Pendency Of Any Stay**

Issuing a stay also would not harm Ms. Yaman or the children, as the stay would be relatively short and would not affect the custodial status quo. *Lozano* is currently scheduled for oral argument before the Supreme Court on December 11, 2013, with a decision expected during this term. A stay would therefore require only a brief delay in the issuance of the mandate, and would have no impact on the children's living situation.[1]

**II.     IN THE ALTERNATIVE, THIS COURT SHOULD STAY ISSUANCE OF THE MANDATE PENDING DR. YAMAN'S FILING OF A PETITION FOR A WRIT OF CERTIORARI IN THE UNITED STATES SUPREME COURT**

Should the Court decline to stay the mandate pending the Supreme Court's decision in *Lozano*, Dr. Yaman requests in the alternative that this Court stay the mandate pending Dr. Yaman's filing of his own petition for a writ of certiorari in the Supreme Court, pursuant to Rule 41(d)(2) of the Federal Rules of Appellate Procedure. In order to be granted a stay, the motion "must show that the certiorari petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). Dr. Yaman is able to satisfy both requirements.

**A.     Dr. Yaman's Petition Would Present A Substantial Question – Namely The Same Question Presented in *Lozano***

Dr. Yaman will present in his petition for a writ of certiorari the same question presented in *Lozano*: whether the one-year period in Article 12 should be equitably tolled while the abducting parent actively conceals the whereabouts of the children. The Supreme Court granted

---

[1] While Dr. Yaman previously opposed a stay of the appeal pending the Supreme Court's decision of *Lozano* (and this Court denied Ms. Yaman's request to stay the appeal), circumstances have since changed, making a stay of the mandate pending *Lozano* appropriate: this Court's decision addressed the other issues Dr. Yaman raised in his appeal, which *Lozano* will not address – namely "equitable estoppel" and "equitable discretion." The Court also dispensed with Ms. Yaman's cross-appeal regarding the "grave risk" defense, allowing Dr. Yaman to clear his name (again) with respect to Ms. Yaman's sexual abuse allegations. Because this Court has now addressed those issues, which are unrelated to the *Lozano* appeal, staying the mandate will not prejudice the parties in the manner that a stay of the appeal would have.

certiorari in *Lozano* on June 24, 2013, because this question is substantial: the Circuits are divided over the answer and the question is of international importance. *See Lozano v. Alvarez*, 133 S. Ct. 2851 (U.S. June 24, 2013) (No. 12-820) (order granting certiorari); Br. for the United States as Amicus Curiae, *Lozano v. Alvarez*, No. 12-820, 2013 WL 2280948 (U.S. May 24, 2013).

### 1.     The Circuits Are In Conflict

As this Court recognized in its decision, the circuits disagree regarding the availability of equitable tolling under Article 12 of the Hague Convention. Decision at 4. This Court joined the Second Circuit in refusing to recognize the applicability of equitable tolling under the Hague Convention. *See id.* at 4, 32; *see also Lozano v. Alvarez*, 697 F.3d 41, 51 (2d Cir. 2012), *cert. granted in part*, 133 S. Ct. 2851 (2013). This Court's decision puts itself (in addition to the Second Circuit) at odds with prior decisions of the Ninth and Eleventh Circuits, which have allowed litigants to invoke equitable tolling in seeking the return of their children. Decision at 4, 31-32; *see also Duarte v. Bardales*, 526 F.3d 563, 570 (9th Cir. 2008); *Furnes v. Reeves*, 362 F.3d 702, 723-24 (11th Cir. 2004). As the United States government argued to the Supreme Court, consistency and uniformity amongst the circuits with regard to the interpretation of the Convention furthers the deterrence effect of the Convention and aids in securing the prompt return of wrongfully removed children. Br. for the United States as Amicus Curiae, *Lozano v. Alvarez*, No. 12-820, 2013 WL 2280948, at *17 (U.S. May 24, 2013).

### 2.     The Question Is One Of International Importance

Because the Hague Convention is an international treaty, consistency and uniformity are of particular importance, bolstering the Supreme Court's decision to grant certiorari in *Lozano*. Indeed, in implementing the Convention in the United States, Congress has expressly recognized the "international character of the Convention; and the need for uniform international

interpretation of the Convention." 42 U.S.C. § 11601(b)(3)(A)-(B). The Supreme Court is best positioned to ensure that the United States has a single, uniform interpretation of the Convention with regard to equitable tolling both in this case and in *Lozano*, and to articulate the law of the land with regard to sensitive matters of international law.

### B.     There Is Good Cause For A Stay

A stay of the mandate would allow Dr. Yaman time to present this substantial question to the Supreme Court. And granting the stay would not cause any harm to either party: as discussed above, the children would remain living with their mother in New Hampshire while Dr. Yaman filed a petition for certiorari.

### RELIEF REQUESTED

Wherefore, Appellant respectfully requests that the Court stay issuance of the mandate (1) pending a decision by the Supreme Court in *Lozano v. Alvarez* and for fourteen days thereafter, or, in the alternative, (2) pending Dr. Yaman's filing of a petition for a writ of certiorari in the Supreme Court.

Respectfully submitted,
s/ *Donna A. Mizrahi*
Christopher G. Green (#73918)
Daniel V. Ward (#1100076)
Douglas E. Brayley (#1157686)
Donna A. Mizrahi (#1157688)
Elizabeth D. Johnston (#1159574)
ROPES & GRAY LLP
800 Boylston Street
Prudential Tower
Boston, MA  02199
(617) 951-7000

*Counsel for Appellant Ismail Ozgur Yaman*

Dated: October 1, 2013

## CERTIFICATE OF CONFERENCE

      I hereby certify that on September 30, 2013, I conferred with counsel of record for Appellee Linda Yaman regarding this motion and the relief requested herein. Appellee's counsel indicated, on Ms. Yaman's behalf, that he did not assent to the foregoing motion to stay the mandate.

                                                              */s/ Donna A. Mizrahi*  
                                                                Donna A. Mizrahi

                                        *Attorney for Appellant Ismail Ozgur Yaman*

## CERTIFICATE OF SERVICE

      I, Donna A. Mizrahi, hereby certify that on October 1, 2013, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: Susan Kim, Janice W. Howe, Beth I.Z. Boland, Sara R. Simeonidis, Donald J. Marchesseault, Caleb J. Schillinger, and Stephen J. Quinlan (Appellee's Counsel); and Adam C. Jed (United States' Counsel).

                                                              */s/ Donna A. Mizrahi*  
                                                                Donna A. Mizrahi

                                        *Attorney for Appellant Ismail Ozgur Yaman*